**Gabriel Del Virginia, Esq. (GDV-4951)**
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Proposed Attorneys for the Debtor and Debtor in Possession.*
30 Wall Street–12th Floor,
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
gabriel.delvirginia@verizon.net

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

In re

JUMBO DESIGN and BRANDS, INC.,

                      Debtor.

Chapter 11

Case No. 20-B-10905-MG.

-----------------------------------------------------------------X

**DECLARATION OF MORENO BRAMBILLA PURSUANT TO**
**RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES.**

       Moreno Brambilla, being duly sworn, deposes and respectfully says:

       1.      I am president of Jumbo Design and Brands, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), and I am familiar with the Debtor's business and financial affairs. I submit this declaration pursuant to Local Bankruptcy Rule 1007-2.

**A.**      **Background.**

       2.      The Debtor is a New York corporation in the business of operating a high-end furniture retail, from premises located at 979 Third Avenue-part of 3d floor in the borough of Manhattan, City of New York (the "Premises").

       3.      Owing to the above-market rental obligations to the Debtor's landlord at the Premises, the continued Debtor's operations was threatened.

       4.      Consequently, the Debtor was forced to file the present voluntary petition for relief under Chapter 11 of Title 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") to preserve its assets while under protection of the Court.

       5.      Thus, the Debtor hopes to either reduce its utilized space in the Premises or identify and relocate to a location with more favorable, market-rate rental obligations.

       6.      There has been no committee organized before the order for relief.

       7.      The holders (and their names, addresses and additional information) of the twenty largest unsecured claims against the Debtor are included in the documents filed herewith, and are incorporated herein by reference.

       8.      Holders of secured claims against the Debtor, if any, will be set forth on Scheduled D to be filed by Debtor.

**B.**      **Requirements of 11 U.S.C. § 1116.**

9. A balance sheet setting forth a summary of the Debtor's assets and liabilities, and statement of operations/cash flow statement has not been prepared and cannot be provided pursuant to 11 U.S.C. § 1116. Debtor has attached its pro forma profit and loss and Debtor's current filed Federal tax returns.

**C.    Additional Information.**

10. The Debtor has no publicly held securities.

11. The Debtor operates from the Premises.

12. The location of the Debtor's substantial assets is at the Premises.

13. Your deponent is the President of the Debtor's business.

14. The Debtor estimates monthly payroll expenses to employees (exclusive of officers, directors, stockholders, and partners) for the thirty-day period following the filing of the Debtor's petition to be approximately $11,210.00.

15. No amount is proposed to be paid for services to officers, stockholders, and directors, for the thirty-day period following the filing of the Debtor's petition.

16. Owing to the severe health and related crises brought on by the COVID-19 pandemic and the resulting closure of the building in which the Premises is located, the Debtor anticipates no gross cash receipts for the thirty-day period following the filing of the Debtor's petition, and approximate expenses (excluding payroll) during the same period to be $16,000.00.

I hereby declare, pursuant to 28 U.S.C. § 1746 that the foregoing is true to the best of my knowledge, information and belief.

                                                            Moreno Brambilla, President

Dated:    April  , 2020
               Milan, Italy.